**ADVISORY OPINION TO THE GOVERNOR**

22 So. (2nd) 458                                    January Term, 1945
June 6, 1945                                              En Banc

June 4, 1945

Honorable Millard F. Caldwell
Governor of the State of Florida
Tallahassee, Florida.

Dear Sir:

We have your official communication of June 4, 1945, re-questing the opinion of the Justices of the Supreme Court as follows:

"To the Honorable, The Chief Justice, and
Justices of The Supreme Court
of the State of Florida

Gentlemen:

"Section 45 of Article V of the Constitution, adopted in 1934, provided for fifteen judicial circuits in this State, none of which should embrace less than 50,000 inhabitants according to the last preceding State or Federal census, and that it

would be the duty of the Legislature, at its next regular session, to pass suitable laws to carry the amendment (Section 45 of Article V) into effect.

"It also provided that there should be one circuit judge to each judicial circuit, but that additional circuit judges might be provided for by law, as authorized by Section 43 of Article V of the Constitution, provided that the total number of Judges apportioned to any one judicial circuit should not exceed one for every 50,000 inhabitants or major fraction thereof.

"The Legislature of 1935 enacted legislation (Chapter 26 Florida Statutes 1941) carrying into effect the reduction and re-apportionment of judicial circuits and circuit judges as contemplated by the constitutional provisions referred to, prescribing the number of judges each circuit should have, except the Eleventh Circuit, as to which the provision was that it should have one circuit judge for each 50,000 inhabitants, or major fraction thereof according to the last preceding State or Federal census.

Section 5 of Article III of the Constitution provides that:

"No Senator or member of the House of Representatives shall, during the time for which he was elected, be appointed or elected to any civil office under the Constitution of this State, that has been created, or the emoluments whereof shall have been increased during such time."

The Legislature of 1945 passed a bill which, for the purposes of this inquiry, shall be regarded as an act, reciting in its preamble that a certain judicial circuit to which a specified number of judges was allocated by the 1935 Act, has a population of more than 125,000 inhabitants according to the last preceding State or Federal census and providing, in the body thereof, that there shall be an additional circuit judge of such circuit 'in addition to the two circuit judges of said circuit heretofore provided for.'

Section 3 of the Act in question provides as follows:

" 'Nothing in this Act shall operate to increase the salary or emoluments of any circuit judge who shall be appointed to office during the time for which he was elected Senator or member of the House of Representatives, and each such

circuit judge shall receive during the term for which he shall be appointed, the salary and emoluments which, under the provisions of law, appertain to such office at the beginning of the time for which he was elected Senator or member of the House of Representatives as aforesaid.'

"The Legislature of 1945, by a general act, also increased the salaries of all circuit judges of the State from $6,000 to $7,500 per annum, payable by the State.

·"Availing myself of the privilege granted by Section 13 of Article IV of the Constitution, I now have the honor to request your written opinion upon the following points:—

"1. As to whether or not I, as Governor, have authority under Section 5 of Article III of the Constitution, to appoint to the office mentioned a member of the Legislature of 1945, in view of said constitutional provision that no member of the Legislature, during the time for which he has been elected, may be appointed to any civil office which has been created during such time.

"2. As to whether or not Section 3 of the Act in question is to be interpreted as authorizing me, as Governor, to appoint a member of the Legislature of 1945 to said office, in view of the said constitutional provision that no member of the Legislature, during the time for which he has been elected, may be appointed to any civil office whose emoluments have been increased during such time.

Respectfully,

Millard F. Caldwell
Governor"

Question One: Section 45 of Article V of the Constitution of Florida provides, in substance, that there shall be no more than fifteen judicial circuits of the State of Florida, each of which shall embrace no less than fifty thousand inhabitants according to the last preceding State or Federal Census; and that there shall be not less than one circuit judge for each of such judicial circuits. By the same section of the Constitution, power is given the Legislature to provide, by law, for additional circuit judges. Such power is permissive only, and may be exercised only in the event there exists at least

fifty thousand additional inhabitants in a circuit, or a major fraction thereof. See also Sec. 43 Art. V, Constitution of Florida. Section 45 of Article V, in and of itself, does not create additional offices of circuit judge in the judicial system of Florida, nor do such additional offices come into being automatically, merely because the factual situation which empowers the legislature to act may exist. Section 45 merely delineates the circumstances under which additional circuit judges may be appointed or elected, and leaves to the Legislature the power to act. Before the office of an additional judge can be said to exist, therefore, an enactment of the Legislature directed to this purpose is necessary. It is such statute that brings the office into being. By no other method may the office of an additional circuit judge be created, under our present Constitution.

Section 5 of Article III of the Constitution provides that:

"No Senator or member of the House of Representatives shall, during the term for which he was elected, be appointed, or elected to any civil office under the Constitution of this State that has been created, or the emoluments whereof shall have been increased during such time."

It is our considered opinion that when the Legislature of 1945 enacted a statute providing for an additional circuit judge for the Sixth Judicial Circuit of Florida, such statute operated to "create" the office of an additional circuit judge for such circuit, within the purview of Section 5, Article III of the Constitution; and that consequently no member of the 1945 legislative body is eligible for appointment to such office, until the term for which he has been elected a member of the Legislature shall have expired.

Question Two: The legislative Act of 1945 referred to in your executive communication of June 4th provides:

"Section 1. There shall be an additional circuit judge of the Sixth Judicial Circuit of Florida, composed of Pinellas and Pasco Counties. in addition to the two circuit judges of said circuit heretofore provided for.

Section 2. The additional circuit judge for the Sixth Judicial Circuit of Florida shall have all the powers and perform all the duties that are or may be provided or pre-

scribed by the Florida Constitution or by Florida Statute, for circuit judges, and all Florida Statutes concerning circuit judges shall apply to him; *and he shall receive the same compensation and allowances for expenses as other circuit judges of said circuit.* (Underscoring ours).

"Section 3. Nothing in this Act shall operate to increase the salary or emoluments of any circuit judge who shall be appointed to office during the time for which he was elected Senator or member of the House of Representatives, and each such circuit judge shall be appointed, the salary and emoluments which, under the provisions of law, appertain to such office at the beginning of the time for which he was elected Senator or Member of the House of Representatives as aforesaid.

"Section 4. This Act shall take effect upon becoming a law."

Manifestly, Section 3 of the Act is out of harmony with that portion of Section 2 which provides that the additional circuit judge for the Sixth Judicial Circuit "shall receive the same compensation and allowances for expenses as other circuit judges of said Circuit." Without the inclusion of Section 3 in the statute the Act is complete within itself and is sufficient to authorize the appointment or election of an additional circuit judge for such circuit. The Legislature of Florida, by general statute, having increased the salaries of circuit judges, at this 1945 session, Section 3 of the Act under consideration was doubtless inserted in the statute in an effort to circumvent, lawfully, Section 5 of Article III of the Constitution, which forbids the appointment of any member of the Legislature to any civil office under the Constitution of this State, the emoluments of which have been increased during the time for which he was elected; and to make eligible for appointment to such office a member of the present legislative body.

That the Legislature has been able to accomplish such purpose constitutionally by the inclusion of such Section in the statute is extremely doubtful; for Section 3 of such statute is apparently in direct conflict with and repugnant to that portion of Section 43 of Article V of the Constitution

which prescribed that "each such additional circuit judge shall be appointed by the Governor and confirmed by the Senate, and hold office for six years, *and shall receive the same salary and allowances for* expenses as other Circuit Judges." (Underscoring ours).

If this mandate of the Constitution quoted above is to be observed, it is obvious that Section 3 may not remain in the statute. On the other hand, if Section 3 is to be treated as eliminated from consideration, then it is manifestly plain that no member of the 1945 Legislature is .eligible for appointment to the office during the time for which he has been elected to the Legislature; for the language of Section 2 of the statute is that the additional judge of the Sixth Judicial Circuit "shall receive the same compensation and allowances for expenses as other Circuit Judges of said Circuit," and by another Act of the Legislature, referred to by you, the emoluments of the office of the present circuit judges .of the State of Florida have been increased during the 1945 legislative session.

Respectfully,

ROY H. CHAPMAN
Chief Justice
GLENN TERRELL
ARMSTEAD BROWN
RIVERS BUFORD
ELWYN THOMAS
ALTO ADAMS
HAROLD L. SEBRING
Justices of Supreme Court of Florida